**FILED**
**May 21, 2019**
**03:12 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **ERIC FOSTER,** | ) | **Docket No. 2018-08-1318** |
| **Employee,** | ) | |
| **v.** | ) | |
| **JCS LOGISTICS, LLC,** | ) | **State File No. 82938-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS PROPERTY** | ) | **Judge Deana Seymour** |
| **CASUALTY CO.,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

The Court conducted an Expedited Hearing on May 10, 2019, on Eric Foster's request for medical benefits following an alleged work-related assault.[1] The issue is whether Mr. Foster is likely to establish entitlement to these benefits. For the reasons below, the Court concludes that he is not.

### History of Claim

Mr. Foster worked as a truck driver for JCS. He claimed his supervisor, Joey Sichting, assaulted him at work on October 26, 2018, resulting in injuries to his neck, back, and shoulder.

According to Mr. Foster, he and Mr. Sichting had a heated argument about a work issue in Mr. Sichting's office. Afterward, Mr. Foster went to the office of JCS's Director of Transportation, Cassandra Fryer. While Mr. Foster stood at Ms. Fryer's desk, Mr. Sichting allegedly struck his back and shoulder. Police were called to the scene.[2]

---

[1] The Dispute Certification Notice also listed temporary disability benefits as a disputed issue. However, at the hearing, Mr. Foster only requested a panel of physicians and payment of his unauthorized medical treatment.

[2] Both Mr. Foster and Ms. Fryer testified that they called the police.

The police arrived and prepared a report, which indicated that Mr. Sichting hit Mr. Foster on his *left* shoulder three times. However, Mr. Foster's affidavit stated that Mr. Sichting hit him on the back with his phone. During the hearing, Mr. Foster testified Mr. Sichting struck him three times, but he did not mention a phone.

JCS relied on the testimony of Mr. Sichting and Ms. Fryer to challenge Mr. Foster's version of events. Mr. Sichting indicated he simply tapped Mr. Foster on the shoulder once and told him to "be safe." Ms. Fryer also witnessed the exchange and saw Mr. Sichting give Mr. Foster a "slight tap" on the shoulder.

JCS additionally relied on the affidavit testimony of Mark Laine, who witnessed Mr. Foster unload his belongings from the truck after Mr. Foster's termination immediately following the alleged assault.[3] Mr. Laine testified that he did not observe Mr. Foster having any difficulty climbing in and out of the truck while unloading it or carrying his possessions to his vehicle.

The day after the alleged assault, Mr. Foster went to the emergency room. He complained of *right* shoulder and upper back pain from being hit in the back at work the day before. He was diagnosed with a thoracic myofascial strain. However, his physical examination revealed no swelling, and right-shoulder x-rays showed degenerative changes but no acute findings. Mr. Foster's medical provider did not restrict his activities but told him to follow up with his primary care physician. Mr. Foster never pursued additional treatment.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Foster must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, resolution of the present issue turns on whether Mr. Foster suffered a work-related injury.

Here, the parties' versions of events differ drastically, and witness credibility plays a critical role. When evaluating witness credibility, the trial court must consider whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly*, 445 S.W.3d 685, 694-95 (Tenn. 2014).

The record reveals inconsistencies in Mr. Foster's story. The police report said that

---

[3] Mr. Sichting testified that he terminated Mr. Foster after the exchange because Mr. Foster "flipped out" when Mr. Sichting touched him and became hostile and aggressive.

Mr. Sichting struck him on his *left* shoulder. However, when he presented to the emergency room the next day, the medical records stated he complained of *right* shoulder pain. Physical examination of his right shoulder showed no swelling, and his x-rays indicated no acute findings. Rather, the records indicated a thoracic strain and contained no medical opinion on causation of that strain. Moreover, Mr. Laine's affidavit suggested that Mr. Foster had no problem climbing in and out of the truck while unloading it or carrying his belongings to his vehicle immediately after the alleged assault.

Further, Mr. Foster's own testimony varied. His affidavit stated that Mr. Sichting struck him with a phone. However, during the hearing, he did not mention a phone. Instead, he testified that Mr. Sichting hit him three times with his right hand.

The Court observed the witnesses' testimony. Mr. Foster was hesitant in recalling specific details of the October 26 events, and he appeared defensive and argumentative during cross examination. In contrast, the Court finds that Mr. Sichting and Ms. Fryer provided credible testimony. Mr. Sichting confidently and calmly described simply tapping Mr. Foster on the shoulder once and telling him to "be safe." Likewise, Ms. Fryer appeared self-assured as she described the "slight tap" she witnessed.

In sum, the Court finds Mr. Foster not credible and holds he is not likely to prevail at a hearing on the merits.

IT IS, THEREFORE, ORDERED as follows:

1. Mr. Foster's request for medical benefits is denied at this time.

2. This matter is set for a telephonic Status Hearing on **July 15, 2019, at 9:00 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED May 21, 2019.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

# APPENDIX

Technical record:

TR1. Petition for Benefit Determination
TR2. Dispute Certification Notice
TR3. Request for Expedited Hearing, with Mr. Foster's affidavit
TR4. Employee's Exhibit List, with attachments
TR5. Employee's Witness List
TR6. Employer/Carrier's Expedited Hearing Pre-Trial Brief
TR7. Employer's Exhibit List with attachments
TR8. Employer's Witness List
TR9. Employee's Motions in Limine

Exhibits:

1. Petition for Benefit Determination
2. Correspondence dated June 5, 2017, regarding behavior on the job
3. Correspondence dated October 26, 2018, regarding pay change
4. Mr. Foster's medical records (Collective)
5. Mr. Foster's medical bills (Collective)
6. Police Report
7. Request for Expedited Hearing, along with Mr. Foster's affidavit
8. Affidavit of Andrew Wener
9. Facebook post (ID only)
10. Two photographs of Ms. Fryer's office (Collective)
11. Affidavit of Mark Laine
12. Separation Notice
13. Affidavit of Complaint
14. Work release note dated October 27, 2018
15. Ms. Fryer's written statement
16. Email from Claudia Sichting to Bureau mediator Danny Brandon

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following parties by these methods on May 21, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Andrew Wener, Employee's Attorney | | | X | awener@wenerlawfirm.com |
| Paul Nicks, Employer's Attorney | | | X | pnicks@travelers.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile       $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House           $ _____      (FMV) _____

Other           $ _____      Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____